GALLAGHER & KENNEDY, P.A.
2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9225
(602) 530-8000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHT INC., an Illinois corporation d/b/a/ Liners Direct,<br><br>                    Plaintiff,<br><br>v.<br><br>RE-BATH, L.L.C., an Arizona limited liability company,<br><br>                    Defendant. | Case No. 2:08 C 1003<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER VENUE TO THE DISTRICT OF ARIZONA** |

Defendant Re-Bath, L.L.C. ("Re-Bath"), by and through undersigned counsel, submits this Memorandum in Support of Defendant's Motion to Dismiss, or in the alternative, Motion to Transfer this case to the District Of Arizona. Re-Bath respectfully requests that this Court dismiss this action for improper venue pursuant to Fed. R. Civ. P. Rule 12(b)(3), or in the alternative, transfer this case to the District of Arizona pursuant to 28 U.S.C. § 1404(a).

**I.     INTRODUCTION.**

The facts leading to this case are straight-forward. Re-Bath, an Arizona company, owned the patent-in-suit, a design patent, U.S. Pat. No. D552,757 S (the "Patent") for a one piece molded subway tile design. On February 5, 2008, Re-Bath sent a demand letter to Plaintiff concerning potential infringement of the Patent. Within a mere eight days, Plaintiff brought this case as a knee-jerk reaction, seeking declaratory relief that the Patent was invalid or at least not infringed by Plaintiff. In its complaint, Plaintiff incorporates the entirety of allegations made by another party, Mincey Marble Manufacturing, Inc, ("Mincey") in an Arizona case where Mincey

was challenging the same Patent in a case that (Re-Bath brought the case against Mincey in Arizona). The parties settled that case, and as part of the settlement, Re-Bath filed a disclaimer of the Patent under 35 U.S.C. § 253 (which is, in effect, a relinquishment of the claimed design to the public domain). Re-Bath informed Plaintiff of this fact, but Plaintiff insists on litigating over its attorneys fees. Re-Bath will file a motion to dismiss this case due to a lack of a true controversy given that no infringement or validity disputes remain-- Plaintiff cannot invalidate a disclaimed patent, and obviously Plaintiff is free to sell its accused products as the design at issue is in the public domain. The question at bench now, however, is whether this forum is the appropriate one to hear the request for dismissal and/or address the merit, if any, to Plaintiffs claims.

Specifically, the Illinois forum has little connection to the present suit; the alleged acts that gave rise to the causes of action at issue here occurred in Arizona, the demand letters regarding Plaintiff's infringement of Re-Bath's patent that initially triggered this suit were sent from Arizona, and Re-Bath is an Arizona-based limited liability company with its principal place of business in Scottsdale, Arizona. Any alleged misconduct regarding Re-Bath's prosecution of the Patent occurred in Arizona or the USPTO in Washington, D.C. In other words, this is an Arizona-based fight. Yet, Plaintiff brought this suit to this forum, for the purpose of forcing Re-Bath to defend their rights in a distant, inconvenient forum.

Consequently, because this forum has no connection with Re-Bath or the causes of action (at least what, if anything, is left of them), and because this is an inconvenient forum, this action should be dismissed or transferred to the District of Arizona. Indeed, the very settlement that involves the related case over this Patent (and which led to its disclaimer) was in Arizona. Plaintiff attached the complaint from the Arizona action (the "Arizona Complaint"), as well as

1792219 (15295-4)

2

the counterclaims (the "Arizona Counterclaims") (collectively, the "Arizona Action"), to the Illinois Complaint as the only support for Plaintiff's otherwise unsubstantiated allegations. Although the Arizona Action has reached a settlement, and a Stipulated Dismissal and Order have just recently been entered dismissing the action,[1] the fact remains that all evidence, issues, and witnesses related to the disclaimed Patent reside in Arizona.  Moreover, the District of Arizona is a much more convenient forum for the parties and witnesses.  Finally, transferring this case will serve the interests of justice by removing the need for witnesses to travel to different forums, as well as providing the best access to sources of proof.

## II.    FACTUAL AND PROCEDURAL BACKGROUND.

The United States Patent Office issued U.S. Pat. No. D552,757 S, the Patent, to Re-Bath on October 9, 2007.   A copy of the Patent is attached as Exhibit A to Plaintiff's Complaint, at ECF no. 1.  Thereafter, on February 5, 2008 Re-Bath's counsel sent a letter notifying Plaintiff of the Patent and that Re-Bath believed Plaintiff was infringing the Patent.   The letter was sent from Re-Bath's counsel in Phoenix, Arizona to Mr. Jeff Conner, the President of Plaintiff, RHT Inc. d/b/a/ Liners Direct, Inc.  A copy of the letter is attached as Exhibit B to Plaintiff's Complaint, at ECF no. 1.

Without attempting to engage in settlement negotiations, or even respond to the warning letter, Plaintiff instituted the present action by filing the instant case in this forum on February 19, 2008 just eight days after receipt of the demand letter.  Plaintiff seeks in its complaint declarations that Plaintiff does not infringe the Patent, and that the Patent is invalid and/or

---

[1] Although the Stipulation and Order do not expressly grant the Arizona District Court continuing jurisdiction, the parties' settlement agreement was attached to the joint stipulation for dismissal to make it part of the record, and any action brought to enforce the terms of the settlement would be properly brought in the Arizona District Court.

1792219 (15295-4)

unenforceable.  However, as noted above, Plaintiff included not a single allegation of any conduct that would give rise to the claim of invalidity or unenforceability, other than incorporating the Arizona Counterclaims in their entirety.  Plaintiff simply cut and pasted the Arizona Action into an exhibit to a shell complaint and then filed the instant case here-- blatant forum shopping.

As part of the settlement in the Arizona Action, Re-Bath filed with the USPTO a disclaimer under 35 U.S.C. § 253, disclaiming and essentially declaring that the patent-in-suit is no longer valid.[2]   Accordingly, this disclaimer filed by Re-Bath resolves any claims involving validity and enforceability contained in Plaintiffs complaint.  Plaintiff, however, has refused to cease its aggressive and unfounded action against Re-Bath, despite the fact that no issues remain to be litigated.  Instead, Plaintiff has indicated that it intends to prosecute this action for the purpose of determining whether any inequitable conduct occurred during the course of the patent prosecution for the patent-in-suit.

Without the patent infringement or validity determinations as a part of the Illinois Action, and even assuming that Plaintiff has any valid cause of action remaining to be litigated, there is no reason why this suit should be allowed to continue in Illinois.  Even if Plaintiff is able to pursue its moot causes of action for allegedly inequitable conduct related to a disclaimed patent-in-suit,  all of the possible evidence, factual information, and witnesses related to such a claim would be located in Arizona; after all, Arizona is the location from which the Patent was prosecuted and where ReBath's headquarters and counsel are located.  Accordingly, venue in Illinois is improper for this action, and the case should be dismissed or transferred to the appropriate venue in the District of Arizona.

---

[2] *See* Disclaimer filed on May 1, attached hereto as Exhibit A.

1792219 (15295-4)

4

### III.    LEGAL ARGUMENT.

#### A.  Standard For Granting Motion To Dismiss or Transfer Venue.

Fed. R. Civ. P. 12(b)(3) provides that a complaint may be dismissed upon a motion raising the defense of improper venue.  Under Seventh Circuit law, it is the plaintiff's burden to prove venue is proper.  *Grantham v. Challenge-Cook Bros., Inc.,* 420 F.2d 1182, 1185 (7th Cir. 1969).  In a motion to dismiss for improper venue, the pleadings need not be accepted as true.  *Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1137-38 (9th Cir.2004).  Further, the court may accept facts outside of the pleadings. *Id.*

In the alternative to dismissing an action, a district court has the power and discretion to transfer a case to another judicial district pursuant to 28 U.S.C. § 1404(a).  The goal of Section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (*quoting Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).  A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000) (*citing Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)). The Court's inquiry on a motion to transfer is twofold:  First, the Court determines whether the action sought to be transferred is one that might have been brought in the transferee court.  Second, the Court determines whether after considering the "convenience of the parties and witnesses" and the "interest of justice," transfer is appropriate.  28 U.S.C. § 1404(a).

#### B.  This Case Should Be Transferred To The District Of Arizona.

The first test – whether this is an action which "might have been brought" in Arizona – is plainly satisfied in the instant case.  Under 28 U.S.C. § 1391(b)(1) and (2), the District of

Arizona is an appropriate venue for this action: Re-Bath "resides" in the State of Arizona, and the events initially triggering this suit occurred in Arizona. Because Re-Bath is an Arizona limited liability company conducting business in the State of Arizona, Re-Bath "resides" in Arizona for purposes of venue. 28 U.S.C. § 1391(c).

The second test is also met in this case. In determining whether transfer is appropriate, Section § 1404(a) requires the Court to consider three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. As discussed below, each of these factors demands that this case be transferred to Arizona.

### 1. Arizona Is A More Convenient Forum For The Parties and Witnesses.

This action would be more convenient for all involved if it is heard in the District of Arizona. As an Arizona limited liability company, Re-Bath has substantial contacts with Arizona, including the presence of the inventor and invention records. In contrast, Re-Bath does not have any physical presence in Illinois. Re-Bath does not have an office for its company in Illinois, nor do they have any company employees in Illinois. Finally, none of Re-Bath's witnesses nor any of Re-Bath's documents related to the prosecution of the Patent are located in Illinois. Because there are no issues relating to any infringing conduct on the part of Plaintiff (because the patent-in-suit has been disclaimed), the only possible remaining claims are those posited by Plaintiff regarding the conduct of Re-Bath. Assuming that these claims asserted by Plaintiff are sufficient to survive the pleading stage, which Re-Bath suggests they are not, there is simply no connection to Illinois anywhere in this action.

In fact, the circumstances of the disclaimer of the patent-in-suit are entirely related to Arizona-based litigation. Plaintiff's own pleadings admit asmuch—Plaintiff attached the entire initial pleadings fro the Arizona Action as the primary support for its claims. It is plainly

1792219 (15295-4)

6

apparent that the remaining claims of Plaintiff's thin case, if any, are founded on acts that allegedly occurred during the prosecution of the Patent. Thus, most, if not all, of the physical evidence relevant to the present case will be located in Arizona, where the Patent prosecution work was conducted.

As a result, discovery in this case will occur in Arizona. Should this Court retain jurisdiction and keep this action in this forum, then the documents and witnesses would need to be transported to Illinois for hearings and trial. Such a move would be significantly inconvenient for Re-Bath, and would also likely be inconvenient for Plaintiff, thus weighing in favor of transfer. *See Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. P'ship,* 807 F.Supp. 470, 474 (N.D.Ill. 1992) (holding that the convenience of witnesses and parties is a key factor in granting a motion to transfer).

Thus, taking into consideration that the Re-Bath and indeed this case have substantial connection to Arizona, and because the witnesses and documents are located in Arizona, Re-Bath submits that this case should be transferred to Arizona. In the present case, transferring the suit to Arizona would not merely shift the inconveniences from one party to another. *See Metro Optics Inc. v. Contex Inc.*, 38 U.S.P.Q. 2d 1511, 1512 (N.D. Tex. 1996). On the contrary, Arizona is a much more convenient forum for the majority of witnesses and Re-Bath and, at worst, no less convenient for the Plaintiff when considering trial preparation, availability of discovery, and witnesses.

### 2. The Interests of Justice Dictate That This Action Should be Heard in Arizona.

Transferring this case to Arizona will further the principles of comity and sound judicial administration by conserving judicial, party, and witness resources. *See Cent. States, Se. and Sw. Areas Pension Fund v. Brown,* 587 F.Supp. 1067, 1071 (D.C. Ill. 1984) (holding that the transfer

1792219 (15295-4)

of venue was appropriate where "relative ease of access to sources of proof" and "convenience of witnesses" would serve to promote the interests of justice.)  Consideration of the interest of justice also includes consideration of judicial economy.  *Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997).  Here, judicial economy would be furthered by optimal access to witnesses and sources of proof.  The Arizona jurisdiction already entertained a case relating to the validity of this Patent and the Patent's disclaimer was a condition of terminating the Arizona action.  The Arizona District is well suited to handle this controversy, or at least what, if anything is left of it.  Accordingly, granting the present Motion and the requested transfer  would further the interests of justice.

### C. Plaintiff's Choice of Forum Should be Given Little Weight Because Plaintiff's Case is An Anticipatory Suit.

Courts do not favor first-filed suits when those suits are anticipatory declaratory judgment actions, such as the Illinois Complaint.  *See Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) (recognizing that the Seventh Circuit "does not rigidly adhere to a 'first-to-file' rule, and the mere fact that [plaintiff] first filed the action in Illinois does not give it an absolute right to choose the forum in which the question of venue should be decided.")

Similarly, *Metro Optics Inc. v. Contex Inc.*, 38 U.S.P.Q. 2d 1511, 1512 (N.D. Tex. 1996) is particularly instructive on the issue of anticipatory suits in patent infringement actions.  In the *Metro Optics* case, soon after the patentee sent a cease and desist letter to the plaintiff/accused infringer, the plaintiff/accused infringer filed a declaratory judgment suit in the presiding district.  *Id*.  The court granted the patentee's motion to transfer, reasoning that that the plaintiff had filed the action in that district for the sole purpose of securing a favorable forum in anticipation of litigation.  *Id*.  *See also Serco Services Co. v. Kelley Co.,* 51 F.3d 1037, 1038 (Fed. Cir. 1995)

1792219 (15295-4)

(reasoning that plaintiff "had filed its suit in anticipation of [patentee's] infringement action, and that [the] anticipatory filing coupled with convenience factors – the location of witnesses and documents – merited dismissal of the declaratory judgment action….").

Here, Plaintiff filed this suit in Illinois almost immediately (less than 10 days) after receiving Re-Bath's demand letter.  The only rational for filing this suit was an attempt to secure Illinois as the forum instead of Arizona; clearly for the purpose of securing a forum which Plaintiff views as more favorable than Arizona.  The reason that Plaintiff views this forum as more favorable is likely because Re-Bath will have to defend its rights in a distant, inconvenient forum, thus making Re-Bath spend more money to litigate this matter.  Plaintiff should not be rewarded for such conduct, especially when viewed in conjunction with the other "convenience factors" discussed by the Federal Circuit in *Serco Services Co. v. Kelley Co., supra.*

Additionally, a patentee should not be disadvantaged by attempting to seek resolution for infringement claims prior to filing suit.  In the *Metro Optics* decision, the court also noted that "[r]ather than investigate the claims of the patent and provide [the patentee] with a substantive response, [plaintiff] filed suit in this district…." *Metro Optics Inc. v. Contex Inc.,* 38 U.S.P.Q. 2d 1511, 1512 (N.D. Tex. 1996).  Specifically, the court found that "federal courts should encourage parties to attempt to resolve their differences before filing potentially protracted litigation…. [The patentee], the true plaintiff in this action, should not be deprived of its choice of forum merely because it attempted to arrange a settlement." *Id*.

The same analysis applies here.  After receiving notice of the pending dispute by way of the warning letter from Re-Bath, Plaintiff did not attempt to resolve any of the parties' differences.  Instead, Plaintiff rushed to file in the Illinois District Court.  Accordingly, Plaintiff's

1792219 (15295-4)

9

suit was clearly filed as an anticipatory suit in an inconvenient forum and therefore its "first-filed" status should not be given any weight.

## IV. CONCLUSION.

This case is nothing more than forum shopping masquerading as a legitimate lawsuit. This case should be transferred to Arizona, where Re-Bath is confident the Court will dismiss the case as moot. Re-Bath respectfully requests that this Court either dismiss this action under Fed. R. Civ. P. Rule 12(b)(3), or in the alternative, transfer this case to the District of Arizona pursuant to 28 U.S.C. § 1404(a).

RESPECTFULLY SUBMITTED this 15th day of May, 2008.

**GALLAGHER & KENNEDY, P.A.**

By: /s/ Brian W. LaCorte
   Brian W. LaCorte (012237)
   Ivan J. Mlachak (021939)
   **GALLAGHER & KENNEDY, P.A.**
   2575 East Camelback Road
   Phoenix, Arizona 85016-9225
   (602) 530-8000
   E-mail: bwl@gknet.com; ivan.mlachak@gknet.com
   Attorneys for Defendant Re-Bath, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2008, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants and non-registered parties.

By: /s/ Brian W. LaCorte

1792219 (15295-4)

10