IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHT, INC., an Illinois Corporation, d/b/a LINERS DIRECT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RE-BATH LLC, an Arizona Limited Liability Corporation,<br><br>　　　　Defendant. | **CASE NO. 08 C 1003**<br><br>Judge Leinenweber<br><br>Magistrate Judge Brown |

**RE-BATH LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION**

　　Defendant Re-Bath LLC ("Re-Bath") moves this Court for an order dismissing the declaratory judgment Complaint of Plaintiff RHT, Inc. d/b/a Liners Direct ("RHT") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. There is no actual controversy to justify this Court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

　　In support hereof, Re-Bath relies upon all matters of record to date and further states:

　　1.　　This is a declaratory judgment action for non-infringement, invalidity, and unenforceability of Re-Bath's United States Patent D552,757 ("the '757 Patent").

　　2.　　As described in the attached memorandum, RHT's suit should be dismissed in its entirety because Re-Bath voluntarily disclaimed the '757 Patent pursuant to 35 U.S.C. § 253. Thus RHT's claims are moot and there is no actual controversy as is required to give the Court subject matter jurisdiction.

　　3.　　Re-Bath's disclaimer of validity that was filed with the USPTO pursuant to 35 U.S.C. § 253 renders moot the issues of the '757 Patent's infringement, validity, and

unenforceability and deprives the Court of subject matter jurisdiction to hear RHT's declaratory judgment action because there is no longer a justiciable case or controversy. *See Chris-Craft Industries, Inc. v. Monsanto Co.*, 59 F.R.D. 282, 284 (C.D. Cal. 1973) (granting patentee's motion to dismiss declaratory judgment action for want of a justiciable controversy based on patentee's 35 U.S.C. § 253 disclaimer of the patent-in-suit); *W.L. Gore & Assocs., Inc. v. Oak Materials Group, Inc.*, 424 F.Supp. 700, 701-702 (D. Del. 1976) ("As plaintiff has formally disclaimed all claims of the patent, there is no longer a justiciable case or controversy before the Court with respect to the validity of any of those claims"); *Jack Winter, Inc. v. Koratron Co., Inc.*, 327 F.Supp. 206, 211-212 (N.D. Cal. 1971) (dedication of patent-in-suit to the public rendered invalidity claim moot).

## CONCLUSION

WHEREFORE, Defendant, Re-Bath respectfully requests that this Court dismiss with prejudice Plaintiff's declaratory judgment Complaint against them for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and award such other relief the Court deems just.

Respectfully submitted,

*/s/James J. Lukas, Jr.*
Jeffrey G. Mote
James J. Lukas, Jr.
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Telephone: 312-456-8400
Fax: 312-456-8435

Counsel for Defendant
RE-BATH LLC