IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHT, INC., an Illinois Corporation, d/b/a LINERS DIRECT,<br><br>    Plaintiff,<br><br>v.<br><br>RE-BATH LLC, an Arizona Limited Liability Corporation,<br><br>    Defendant. | CASE NO. 08 C 1003<br><br>Judge Leinenweber<br><br>Magistrate Judge Brown |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RE-BATH LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF <u>SUBJECT MATTER JURISDICTION</u>**

Defendant Re-Bath LLC ("Re-Bath") moves this Court for an order dismissing the declaratory judgment Complaint of Plaintiff RHT, Inc. d/b/a Liners Direct ("RHT") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. There is no actual controversy to justify this Court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.[1]

**I.    INTRODUCTION**

RHT filed the present lawsuit seeking a declaratory judgment of non-infringement, invalidity, and/or unenforceability regarding Re-Bath's United States Patent D552,757 ("the '757 Patent"), entitled "One-Piece Molded Subway Tile System." The suit should be dismissed in its entirety because Re-Bath voluntarily disclaimed the '757 Patent pursuant to 35 U.S.C. § 253. Thus RHT's claims are moot and there is no actual controversy as is required to give the Court subject matter jurisdiction.

---

[1] Alternatively, in a separate filed motion Re-Bath moves to dismiss Plaintiff's Complaint for improper venue.

II.     STATEMENT OF FACTS

RHT filed the present lawsuit on February 19, 2008. The only patent at issue in RHT's declaratory judgment Complaint is the '757 Patent. (Dock. No. 1). The '757 Patent was filed on December 29, 2005 and has an issue date of October 9, 2007. (Dock. No. 1 at Ex. A). On May 1, 2008 Re-Bath filed a written disclaimer for the entire '757 Patent and term with the United States Patent & Trademark Office ("USPTO") and paid the required fee.[2] (Re-Bath's 37 CFR 1.321(a) Disclaimer regarding the '757 Patent, Certificate of Express Mail and Receipt, attached hereto as **Exhibit 1**).[3]

III.    ARGUMENT

A.      Legal Standard

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), a district court has subject matter jurisdiction over a declaratory judgment action only where there is an "actual controversy." "In general, the presence of an 'actual controversy' within the meaning of the statute depends on 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 810 (Fed. Cir. 1996) (*quoting Marilyn Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Whether an actual controversy exists is a question of law. The plaintiff has the burden to show an actual controversy exists. *West Interactive Corp. v. First*

---

[2] 35 § 253 provides "Whenever, without any deceptive intention, a claim of a patent is invalid the remaining claims shall not thereby be rendered invalid. A patentee, whether of the whole or any sectional interest therein, may, on payment of the fee required by law, make disclaimer of any complete claim, stating therein the extent of his interest in such patent. Such disclaimer shall be in writing, and recorded in the Patent and Trademark Office; and it shall thereafter be considered as part of the original patent to the extent of the interest possessed by the disclaimant and by those claiming under him. In like manner any patentee or applicant may disclaim or dedicate to the public the entire term, or any terminal part of the term, of the patent granted or to be granted."

[3] RHT's counsel refused to agree to a dismissal of RHT's Complaint based on Re-Bath's disclaimer of the '757 Patent.

*Data Resources, Inc.*, 972 F.2d 1295, 1297 (Fed. Cir. 1992). When there is no actual controversy, the court has no discretion to decide a case. *EMC Corp.*, 89 F.3d at 810. "Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case." *Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538, 1549 (Fed. Cir. 1987) (*quoting Burke v. Barnes*, 479 U.S. 361, 363 (1987). Thus, an actual controversy must exist at all stages of review, not merely at the time the complaint is filed. *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 635 (Fed. Cir. 1991).

> B. **Re-Bath's Disclaimer Of The '757 Patent Deprives The Court Of Jurisdiction To Hear Plaintiff's Declaratory Judgment Complaint For Non-Infringement, Invalidity, And/or Unenforceability Of The '757 Patent.**

Re-Bath's disclaimer of validity[4] that was filed with the USPTO pursuant to 35 U.S.C. § 253 renders moot the issues of the '757 Patent's infringement, validity, and unenforceability and deprives the Court of subject matter jurisdiction to hear RHT's declaratory judgment action because there is no longer a justiciable case or controversy. *See Chris-Craft Industries, Inc. v. Monsanto Co.*, 59 F.R.D. 282, 284 (C.D. Cal. 1973) (granting patentee's motion to dismiss declaratory judgment action for want of a justiciable controversy based on patentee's 35 U.S.C. § 253 disclaimer of the patent-in-suit); *W.L. Gore & Assocs., Inc. v. Oak Materials Group, Inc.*, 424 F.Supp. 700, 701-702 (D. Del. 1976) ("As plaintiff has formally disclaimed all claims of the patent, there is no longer a justiciable case or controversy before the Court with respect to the validity of any of those claims"); *Jack Winter, Inc. v. Koratron Co., Inc.*, 327 F.Supp. 206, 211-212 (N.D. Cal. 1971) (dedication of patent-in-suit to the public rendered invalidity claim moot).[5]

---

[4] Disclaimed claims cannot be revived, through reissue or otherwise. *Altoona Theatres v. Tri-Ergon Corp.*, 294 U.S. 477, 492-493 (1935).

[5] *See also Laitram Corp. v. Deepsouth Packaging Co., Inc.*, 279 F. Supp. 883, 891 (E.D. La. 1968) ("Laitram's dedication to the public of the patent…terminates all of its rights in that patent, just as if it had expired. It would therefore serve no purpose for this Court to pass upon the validity or invalidity of that patent…Discussion of the

There is no actual case or controversy with respect to the '757 Patent. It follows, without qualification, that the Court does not have subject matter jurisdiction over RHT's declaratory judgment Complaint directed solely toward the '757 Patent. Accordingly, RHT's Complaint should be dismissed in its entirety with prejudice.

## CONCLUSION

WHEREFORE, Defendant, Re-Bath respectfully requests that this Court dismiss with prejudice Plaintiff's declaratory judgment Complaint against them for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and award such other relief the Court deems just.

Respectfully submitted,

*/s/James J. Lukas, Jr.*
Jeffrey G. Mote
James J. Lukas, Jr.
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Telephone: 312-456-8400
Fax: 312-456-8435

Counsel for Defendant
RE-BATH LLC

---

patent therefore would not only be academic but it also would be beyond the jurisdiction of this Court, which may consider only cases and controversies").

4